# STATE OF WEST VIRGINIA
## SUPREME COURT OF APPEALS

*In re* **K.B.-1 and K.B.-2**

**No. 20-0501** (Cabell County 18-JA-251 and 19-JA-26)

**FILED**

**December 10, 2020**

EDYTHE NASH GAISER, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioner Mother K.R., by counsel Paula L. Harbour, appeals the Circuit Court of Cabell County's April 9, 2020, order terminating her parental rights to K.B.-1 and K.B.-2.[1] The West Virginia Department of Health and Human Resources ("DHHR"), by counsel Mindy M. Parsley, filed a response in support of the circuit court's order. The guardian ad litem, David R. Tyson, filed a response on behalf of the children in support of the circuit court's order. On appeal, petitioner argues that the circuit court erred in terminating her parental rights upon conditions of neglect that were correctable.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

In December of 2018, the DHHR filed a petition alleging that petitioner abused and neglected K.B.-1. According to the DHHR, petitioner tested positive for cocaine upon admission to the hospital to give birth to the child, the child exhibited symptoms of drug exposure upon birth, and the child's cord tested positive for high levels of cocaine. Petitioner admitted to abusing THC during the pregnancy. The petition further alleged a history of domestic violence between the parents. Following the petition's filing, petitioner waived her right to a preliminary hearing. Thereafter, the DHHR filed an amended petition to include allegations of abuse and neglect in regard to K.B.-2.

---

[1]Consistent with our long-standing practice in cases with sensitive facts, we use initials where necessary to protect the identities of those involved in this case. *See In re K.H.*, 235 W. Va. 254, 773 S.E.2d 20 (2015); *Melinda H. v. William R. II*, 230 W. Va. 731, 742 S.E.2d 419 (2013); *State v. Brandon B.*, 218 W. Va. 324, 624 S.E.2d 761 (2005); *State v. Edward Charles L.*, 183 W. Va. 641, 398 S.E.2d 123 (1990). Additionally, because the children share the same initials, they will be referred to as K.B.-1 and K.B.-2 throughout this memorandum decision.

At an adjudicatory hearing in February of 2019, petitioner stipulated to neglecting the children due to her ongoing substance abuse issues, which impaired her ability to provide proper care. During the hearing, petitioner indicated "that she might have cocaine in her system if she was drug tested." The circuit court also granted petitioner a post-adjudicatory improvement period and directed that she submit to a parental fitness evaluation. Thereafter, petitioner's case plan set forth the terms and conditions of her improvement period, including completing random drug screens, undergoing inpatient substance abuse treatment, and completing parenting and adult life skills education, among other requirements. Petitioner completed her parental fitness evaluation in April of 2019, after which the evaluating psychologist concluded as follows: "Given her failure to establish and maintain sobriety, her failure to comply with the requirements of the [c]ourt and [Child Protective Services], and her highly dysfunctional personality traits, [petitioner's] prognosis for improved parenting . . . is extremely poor."

In November of 2019, the circuit court held a dispositional hearing, during which the DHHR presented evidence of petitioner's noncompliance with the terms and conditions of her improvement period. At the time of the hearing, petitioner was incarcerated. However, the DHHR employee testified that petitioner was noncompliant even prior to her incarceration, having failed to submit to drug screens or substance abuse treatment. According to the witness, the only step petitioner undertook in regard to her case plan was to submit to her parental fitness evaluation. Given that petitioner made no efforts to improve the conditions of abuse and neglect at issue, the witness expressed that the DHHR sought termination of petitioner's parental rights. Based on this evidence, the court found that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future and that termination of her parental rights was in the children's best interests. As such, the court terminated petitioner's parental rights.[2] It is from the dispositional order that petitioner appeals.

The Court has previously established the following standard of review:

> "Although conclusions of law reached by a circuit court are subject to *de novo* review, when an action, such as an abuse and neglect case, is tried upon the facts without a jury, the circuit court shall make a determination based upon the evidence and shall make findings of fact and conclusions of law as to whether such child is abused or neglected. These findings shall not be set aside by a reviewing court unless clearly erroneous. A finding is clearly erroneous when, although there is evidence to support the finding, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed. However, a reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm a finding if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety." Syl. Pt. 1, *In Interest of Tiffany Marie S.*, 196 W.Va. 223, 470 S.E.2d 177 (1996).

_____

[2]According to the DHHR, the father's parental rights were also terminated below. The permanency plan for the children is adoption in the current foster home.

Syl. Pt. 1, *In re Cecil T.*, 228 W. Va. 89, 717 S.E.2d 873 (2011).

On appeal, petitioner asserts, with no citation to the record, that she corrected her drug use. According to petitioner, because her drug use was corrected, it was error to terminate her parental rights. We find, however, that petitioner has not only failed to carry the burden necessary to obtain appellate relief, but the record on appeal overwhelmingly establishes that petitioner did not, in fact, correct her substance abuse issue.

We begin by emphasizing that petitioner has taken no steps on appeal to support her bald assertion that she corrected her substance abuse issue. Rule 10(c)(7) of the West Virginia Rules of Appellate Procedure requires that

> [t]he brief must contain an argument *exhibiting clearly the points of fact* and law presented, the standard of review applicable, and citing the authorities relied on . . . [and] *must contain appropriate and specific citations to the record on appeal . . . .* The Court may disregard errors that are not adequately supported by specific references to the record on appeal.

(Emphasis added). Additionally, in an Administrative Order entered December 10, 2012, Re: Filings That Do Not Comply With the Rules of Appellate Procedure, the Court specifically noted that "[b]riefs with arguments that do not . . . 'contain appropriate and specific citations to the record on appeal . . .' as required by rule 10(c)(7)" are not in compliance with this Court's rules. Here, petitioner's brief in regard to her assignment of error is inadequate as it fails to comply with Rule of Appellate Procedure 10(c)(7) and our December 10, 2012, administrative order.

Even more importantly, the record on appeal totally contradicts petitioner's assertion that she corrected her substance abuse issue. As set forth above, the DHHR presented evidence that, other than submitting to a parental fitness evaluation, petitioner took no steps to comply with her case plan or otherwise remedy the conditions of abuse and neglect at issue. In fact, the record shows that petitioner's circumstances deteriorated considerably by the time of the dispositional hearing, given that she was incarcerated at the time. As the DHHR presented evidence that petitioner failed to submit to random drug screens or undergo substance abuse treatment, it is clear that petitioner's assertion that she remedied her substance abuse issue is entirely without support in the record.

Further, this evidence supports the circuit court's finding that there was no reasonable likelihood that petitioner could substantially correct the conditions of abuse and neglect in the near future. W. Va. Code § 49-4-604(d)(3) (providing that a circumstance in which there is no reasonable likelihood that the conditions of abuse and neglect can be substantially corrected in the near future includes when the abusing parent has "not responded to or followed through with a reasonable family case plan or other rehabilitative efforts of social, medical, mental health, or other rehabilitative agencies designed to reduce or prevent the abuse or neglect of the child"). Further, the court found that termination of petitioner's parental rights was necessary for the children's welfare, which was overwhelmingly supported by evidence of petitioner's total noncompliance with remedial services offered during the proceedings.

Pursuant to West Virginia Code § 49-4-604(c)(6), a circuit court may terminate parental rights upon these findings. Further, this Court has held that

> "[t]ermination of parental rights, the most drastic remedy under the statutory provision covering the disposition of neglected children, [West Virginia Code § 49-4-604] . . . may be employed without the use of intervening less restrictive alternatives when it is found that there is no reasonable likelihood under [West Virginia Code § 49-4-604(d)] . . . that conditions of neglect or abuse can be substantially corrected." Syllabus point 2, *In re R.J.M.*, 164 W.Va. 496, 266 S.E.2d 114 (1980).

Syl. Pt. 5, *In re Kristin Y.*, 227 W. Va. 558, 712 S.E.2d 55 (2011). Accordingly, we find that petitioner is entitled to no relief.

For the foregoing reasons, we find no error in the decision of the circuit court, and its April 9, 2020, order is hereby affirmed.

Affirmed.

**ISSUED**: December 10, 2020

**CONCURRED IN BY**:

Chief Justice Tim Armstead
Justice Margaret L. Workman
Justice Elizabeth D. Walker
Justice Evan H. Jenkins
Justice John A. Hutchison